IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DENZEL MILTON COLLINS**                                                                                **PLAINTIFF**

v.                                              CIVIL ACTION NO. 1:17-CV-88-HSO-JCG

**WADE LADNER, et al.**                                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Denzel Milton Collins. Plaintiff filed this suit *pro se* and *in forma pauperis* on January 12, 2017, while an inmate in the custody of the Mississippi Department of Corrections, housed at the Hancock County Adult Detention Center in Bay St. Louis, Mississippi. Plaintiff has failed to prosecute and obey orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff filed suit against Correctional Officer Wade Ladner and Hancock County, alleging that on November 17, 2016, Ladner tasered him without provocation, handcuffed him, and threw him to the ground. As a result, he contends that he had injuries to his wrists, leg, and toe as well as a swollen ankle and a knot on his head that caused him to have a headache and blurry vision. He asserts that his headaches have continued. His Complaint seeks $250,000.00 in damages and asks for Ladner's termination and prosecution for aggravated assault. ECF No. 1.

Since filing his Complaint, Plaintiff has notified the Court of a change in

1

address five different times. ECF Nos. 6, 10, 20, 24, & 25. His last change of address was docketed on January 16, 2018, and it indicated that he had returned to the Hancock County Adult Detention Center. ECF No. 25. On January 26, 2018, the Court issued an Order Setting Omnibus Hearing and a corresponding Writ of Habeas Corpus ad Testificandum. ECF Nos. 26 & 27. The Order and a Notice of Hearing were mailed to the Plaintiff at his address of record, and the Order and Writ were mailed to the Warden at the Detention Center. The Warden acknowledged receipt of the Writ on January 29, 2018. ECF No. 28. The omnibus hearing was scheduled for March 20, 2018; however, the Plaintiff failed to appear at the duly-noticed hearing.

     A Show Cause Order was issued that same day, ordering Plaintiff to show cause in writing why his failure to appear at the omnibus hearing should not result in dismissal of this suit for failure to prosecute. ECF No. 32. The Order was mailed to the Plaintiff at his address of record, but it was returned as undeliverable on March 26, 2018. The returned envelope indicates that he is no longer at the Detention Center. ECF No. 33. His show cause response was due April 3, 2018. To date, Plaintiff has not filed a response, nor has he provided the Court with an updated address. He was specifically warned that failure to file a timely written response would "result in an immediate recommendation to the District Judge that this case be dismissed." *Id.* A Text Only Order entered on May 10, 2018 has also been returned as undeliverable. ECF No. 35. Plaintiff was repeatedly warned that it is his obligation to keep the Court apprised of a change of address and that failure

to do so would be deemed a purposeful and a contumacious act. ECF Nos. 3, 4, 9, 11, 12, 26, & 32.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff did not appear for the omnibus hearing, and he has not responded to the Court's Order to Show Cause. He also has not responded to the Defendants' Motion for Summary Judgment. ECF No. 30. It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or

otherwise corresponded with the Court since January 16, 2018. Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 26th day of September, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE