# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DENZEL MILTON COLLINS** | § | **PLAINTIFF** |
| v. | § | Civil No. 1:17cv88-HSO-JCG |
| **WADE LADNER**, *et al.* | § | **DEFENDANTS** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [36] AND DISMISSING PLAINTIFF'S COMPLAINT [1] WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation [36] of United States Magistrate Judge John C. Gargiulo, entered in this case on September 26, 2018. The Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice for failure to obey Orders of the Court and for failure to prosecute. After due consideration of the Report and Recommendation [36], Plaintiff's Complaint, the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation should be adopted as the Order of the Court.

## I. RELEVANT BACKGROUND

On January 12, 2017, Plaintiff Denzel Milton Collins ("Plaintiff"), acting pro se, filed his Complaint [1] against Correctional Officer Wade Ladner and Hancock County, advancing claims pursuant to 42 U.S.C. § 1983. Compl. [1] at 1. Plaintiff alleged that Ladner tasered him unprovoked. *Id.* After another officer handcuffed

him, Defendant Ladner allegedly threw him onto the concrete floor causing Plaintiff to hit his head. *Id.* at 4-6. Plaintiff claims that he suffered injuries to his wrists, ankle, leg, head, and toe. *Id.* Because of his injuries, Plaintiff seeks monetary damages and asks for Ladner's termination and prosecution for aggravated assault. *Id.*

Plaintiff has notified the Court of a change of address numerous times. *See* Notice [6] [10] [20] [24] [25]. After his last notice on January 26, 2018, the Court issued an Order [26] Setting Omnibus Hearing and a corresponding Writ of Habeas Corpus ad Testificandum [27]. Each were mailed to Plaintiff and to the Warden of Hancock County Public Safety Complex, who acknowledged receipt on January 29, 2018. Acknowledgement of Receipt [28]. Plaintiff failed to appear for the scheduled hearing on March 20, 2018.

The Court then issued an Order [32] to Show Cause, ordering Plaintiff to show cause in writing why his failure to appear at the hearing should not result in dismissal of the suit for failure to prosecute. Order [32]. The Order was returned as undeliverable to Plaintiff's address of record, which indicated that he was no longer at the Hancock County Adult Detention Center. Mail [33] Returned as Undeliverable. Although his response was due April 3, 2018, Plaintiff has not responded or updated his address. Order [32]. On May 10, 2018, the Court entered a Text Order that was also subsequently returned as undeliverable to Plaintiff.

The Court has repeatedly warned Plaintiff that failure to "advise the Court of a change of address or failure to comply with any Order of the Court will be deemed

as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case." Order [11] at 3; *see* Notice [3] of Assignment; Order [4] Setting PSP Deadline; Notice [9] of Assignment; Order [12] Requiring Response; Order [26] Setting Omnibus Hearing. In its April 3 Order [32] to Show Cause, the Magistrate Judge again warned Plaintiff that failure to comply "will result in an immediate recommendation to the District Judge that this case be dismissed with prejudice."

Accordingly, on September 26, 2018, the Magistrate Judge entered a Report and Recommendation [36] recommending that Plaintiff's Complaint [1] be dismissed without prejudice for failure to obey Orders of the Court and failure to prosecute. R. & R. [36] at 1. The Report and Recommendation advised Plaintiff that he had 14 days to file any objections. *Id.* at 4. The Report and Recommendation was mailed to Plaintiff via certified mail at his address of record on September 26, 2018, and was returned as undeliverable on October 11, 2018. Mail Returned [37]. To date, no objections have been filed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse

3

of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law, and that the Magistrate Judge thoroughly considered all issues. The Report and Recommendation should be adopted as the opinion of the Court.

III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that Plaintiff Denzel Milton Collins' Complaint [1] be dismissed without prejudice. The Report and Recommendation [36] will be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [36] entered in this case on September 26, 2018, is adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Denzel Milton Collins' Complaint [1] is **DISMISSED WITHOUT PREJUDICE** for failure to obey Orders of the Court and for failure to prosecute. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 31st day of October, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE